*This case was not selected for publication in the Federal Reporter*

***NOT PRECEDENTIAL***

**Derrick WILLIAMS, Appellant**

v.

**Warden MINER.**

No. 06–2760.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 16, 2006.

Filed Dec. 12, 2006.

---

2. The USP–Lewisburg defendants are the warden, camp administrator, and Drug Abuse Program director at the institution.

Derrick Williams, White Deer, PA, pro se.

Stephen R. Cerutti, II, Office of United States Attorney, Harrisburg, PA, for Warden Miner.

Before: SLOVITER, CHAGARES and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Derrick Williams, a federal prisoner, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In 1995, Williams pleaded guilty to drug and firearms offenses in the United States District Court for the Eastern District of Pennsylvania. Williams was sentenced to 270 months in prison. This Court affirmed the judgment on direct appeal.

In 1999, Williams filed in District Court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion, and this Court denied a certificate of appealability. The District Court also denied Williams' subsequent motion for a modification of his sentence under 18 U.S.C. § 3582(c)(2). This Court affirmed. This Court also denied requests by Williams for authorization under 28 U.S.C. § 2244 to file a second or successive § 2255 motion in District Court.

In 2004, Williams filed in District Court another motion to vacate sentence under § 2255. The District Court transferred the motion to this Court to treat as a request under § 2244 for authorization to file a second or successive § 2255 motion. This Court denied authorization, and Williams then filed a petition for a writ of habeas corpus pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania raising the same claims he sought to raise in his § 2255 motion.[1]

The District Court did not err in dismissing Williams' § 2241 petition. Motions pursuant to § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences on constitutional grounds. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the sentencing court denied relief, or because the petitioner is unable to meet the gatekeeping requirements of § 2255. *Cradle v. United States,* 290 F.3d 536, 538–39 (3d Cir.2002). Rather, a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. *Id.* at 538.

1. Williams sought to raise claims that his conviction could not be sustained under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), that his sentence was invalid under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that he received ineffective assistance of counsel.

Williams has not made such a showing. Williams was unable to meet the gatekeeping requirements of § 2255, and he may not evade those requirements by seeking relief under § 2241.[2] Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

2.  Williams' case is distinguishable from *In re Dorsainvil,* 119 F.3d 245 (3d Cir.1997), in which the Court allowed the petitioner to raise a *Bailey* claim under § 2241. The petitioner in that case had no earlier opportunity to challenge his conviction for a crime that *Bailey* may have negated. *Id.* at 251. As recognized by the District Court, Williams raised a *Bailey* claim in District Court in a motion to withdraw his plea. *See United States v. Williams,* 1996 WL 119972 (E.D.Pa. 1996) (denying motion to withdraw plea).

3.  Appellee's motion for summary affirmance is unnecessary and, therefore, denied.